UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

BENJAMIN R.,[1]

Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

---

6:21-CV-06109-LJV
DECISION & ORDER

On February 3, 2021, the plaintiff, Benjamin R. ("Benjamin"), brought this action under the Social Security Act. Docket Item 1. He seeks review of the determination by the Commissioner of Social Security ("Commissioner") that he was not disabled.[2] *Id.* On December 9, 2021, Benjamin moved for judgment on the pleadings, Docket Item 6; on May 9, 2022, the Commissioner responded and cross-moved for judgment on the pleadings, Docket Item 7; and on June 21, 2022, Benjamin replied, Docket Item 8.

---

[1] To protect the privacy interests of Social Security litigants while maintaining public access to judicial records, this Court will identify any non-government party in cases filed under 42 U.S.C. § 405(g) only by first name and last initial. Standing Order, Identification of Non-Government Parties in Social Security Opinions (W.D.N.Y. Nov. 18, 2020).

[2] Benjamin applied for Supplemental Security Income ("SSI"), which is paid to a person with a disability who also demonstrates financial need. 42 U.S.C. § 1382(a). A qualified individual may receive both Disability Insurance Benefits ("DIB") and SSI, and the Social Security Administration uses the same five-step evaluation process to determine eligibility for both programs. *See* 20 C.F.R. §§ 404.1520(a)(4) (concerning DIB), 416.920(a)(4) (concerning SSI).

For the reasons that follow, this Court denies Benjamin's motion and grants the Commissioner's cross-motion.[3]

**STANDARD OF REVIEW**

"The scope of review of a disability determination . . . involves two levels of inquiry." *Johnson v. Bowen*, 817 F.2d 983, 985 (2d Cir. 1987). The court "must first decide whether [the Commissioner] applied the correct legal principles in making the determination." *Id*. This includes ensuring "that the claimant has had a full hearing under the . . . regulations and in accordance with the beneficent purposes of the Social Security Act." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (alterations omitted) (quoting *Cruz v. Sullivan*, 912 F.2d 8, 11 (2d Cir. 1990)). Then, the court "decide[s] whether the determination is supported by 'substantial evidence.'" *Johnson*, 817 F.2d at 985 (quoting 42 U.S.C. § 405(g)). "Substantial evidence" means "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). "Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles." *Johnson*, 817 F.2d at 986.

[3] This Court assumes familiarity with the underlying facts, the procedural history, and the decision of the Administrative Law Judge ("ALJ") and refers only to the facts necessary to explain its decision.

## DISCUSSION

### I. ALLEGATIONS

Benjamin argues that the ALJ "failed to support the RFC[4] determination with substantial evidence by improperly rejecting the opinion" of Harbinder Toor, M.D. *See* Docket Item 6-1 at 10. Benjamin also argues that the ALJ's improper rejection of Dr. Toor's opinion created an evidentiary gap in the record and that, by failing to fill that gap, the ALJ impermissibly relied on his own lay opinion. *See id.* This Court disagrees and therefore affirms the Commissioner's finding of no disability.

### II. ANALYSIS

For claims filed on or after March 27, 2017, such as Benjamin's, the ALJ no longer "defer[s] or give[s] any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s) including those from [the claimant's] medical sources." *Angela H.-M. v. Comm'r of Soc. Sec.*, – F. Supp. 3d –, 2022 WL 4486320, at *4 (W.D.N.Y. 2020) (quoting 20 C.F.R. § 416.920c(a)) (internal quotation marks omitted). Instead, the ALJ evaluates the opinion evidence and "articulate[s] . . . how persuasive [he] finds the medical opinions in the case record." *Id.* (citing 20 C.F.R. § 416.920c(b)). The Code of Federal Regulations lists five factors for the ALJ to consider when evaluating a medical opinion: (1) the amount of evidence the

---

[4] A claimant's residual functional capacity ("RFC") "is the most [he] can still do despite [his] limitations . . . in an ordinary work setting on a regular and continuing basis." *Melville v. Apfel*, 198 F.3d 45, 52 (2d Cir. 1999) (quoting SSR 96-8p, 1996 WL 374184, at *2 (Jul. 2, 1996)). "A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent work schedule." *Id.*

source presents to support his or her opinion; (2) the consistency between the opinion and the record; (3) the treating provider's relationship with the claimant, including the length, frequency, purpose, and extent of the relationship; (4) the treating provider's specialization; and (5) any other factors that "that tend to support or contradict" the opinion. 20 C.F.R. § 416.920c(c)(1)-(5). The ALJ is always required to "explain how [he] considered the supportability and consistency factors" because they are "the most important factors, and he "may, but [is] not required to, explain how [he] considered the [remaining] factors. *Id.* at § 416.920c(b)(2).

Dr. Toor examined Benjamin on August 15, 2018, *see* Docket Item 5 at 337-40, and opined that Benjamin had a moderate limitation in "standing, walking, sitting, squatting, bending, lifting, and carrying," *id.* at 340. Dr. Toor also concluded that the pain in Benjamin's right knee "may interfere with his balance." *Id.* at 340.

The ALJ properly considered the regulatory factors when evaluating Dr. Toor's opinion and finding it "less persuasive." As for supportability, the ALJ found Dr. Toor's opinion "vague and lack[ing] specifics that would otherwise render it more persuasive." *Id.* at 29; *see Jessica Lynn J. v. Comm'r of Soc. Sec.*, – F. Supp. 3d –, 2022 WL 17494109, at *5 (W.D.N.Y. 2022) (noting that an ALJ "has the discretion to discount a medical opinion . . . due to its vagueness or ambiguity."). And the ALJ had good reason for that conclusion. "[T]he full range of light work requires standing or walking, off and on, for a total of approximately 6 hours of an 8-hour workday." SSR 83-10, 1983 WL 31251, at *6 (Jan. 1, 1983). But despite performing a battery of objective tests, Dr. Toor did not further define what he meant by a moderate limitation in standing and walking,

such as how long Benjamin could stand or walk during a typical workday. *See* Docket Item 5 at 339-40.

As for the consistency between Dr. Toor's opinion and the rest of the record, the ALJ noted that while Dr. Toor found that Benjamin had balance issues, there was "no evidence of [Benjamin's] knee giving out or him having balance problems other [than] the subjective complaints at [the] hearing." *Id.* at 29. And contrary to Benjamin's argument, the ALJ was not required to provide evidence from other sources explicitly contradicting portions of Dr. Toor's opinion. *Cf. Smith v. Berryhill*, 740 F. App'x 721, 725-26 ("But the ALJ was not required to identify evidence explicitly rebutting the opinions of Smith's treating physicians before discounting or rejecting them."). So the ALJ properly analyzed and considered the regulatory factors when evaluating Dr. Toor's opinion.

Benjamin also argues that by "rejecting" Dr. Toor's opinion, "the ALJ created a gap in the record that he was required to fill." Docket Item 6-1 at 13. "Because a hearing on disability benefits is a non-adversarial proceeding, the ALJ generally has an affirmative obligation to develop the administrative record." *Perez v. Chater*, 77 F.3d 41, 47 (2d Cir. 1996). But "where there are no obvious gaps in the administrative record, and where the ALJ already possesses a complete medical history, the ALJ is under no obligation to seek additional information in advance of rejecting a benefits claim." *Rosa v. Callahan*, 168 F.3d 72, 79 n.5 (2d Cir. 1983) (internal quotation marks omitted); *see also Janes v. Berryhill*, 710 F. App'x 33, 34 (2d Cir. 2018) (noting that an ALJ "is not required to develop the record any further when the evidence already

presented is adequate for [the ALJ] to make a determination as to disability.") (internal quotation marks and citation omitted).

First, contrary to Benjamin's assertion, the ALJ did not "reject" Dr. Toor's opinion; rather, the ALJ simply observed that the opinion would have been more persuasive had it included more specific functional limitations. *See* Docket Item 5 at 29. Moreover, the ALJ's assessment that Dr. Toor's opinion was vague did not create an evidentiary gap in the record that the ALJ was obligated to fill. *Cf. Richardson v. Comm'r of Soc. Sec.*, 339 F. Supp. 3d 107, 117 (W.D.N.Y. 2018) ("While in some circumstances, an ALJ may make an RFC finding without treating source opinion evidence, the RFC assessment will be sufficient only when the record is clear and contains some useful assessment of the claimant's limitations from a medical source.") (internal quotation marks and citation omitted). Indeed, the RFC is largely consistent with Dr. Toor's finding of moderate limitations in standing, walking, sitting, squatting, bending, lifting, and carrying.[5] *See My-Lein L. v. Comm'r of Soc. Sec.*, 551 F. Supp. 3d 100, 105-06 (W.D.N.Y. 2021) (noting that moderate physical limitations are not inconsistent with a claimant's ability to perform light work and collecting cases).

---

[5] The ALJ concluded that Benjamin was capable of performing light work, as defined in 20 C.F.R. § 416.967(b), with the following limitations:

> [Benjamin] may occasionally balance, stoop, kneel, crouch, crawl, climb ramps, stairs, ladders, ropes, and scaffolds; may perform unskilled, simple, routine tasks; may have occasional interaction with supervisors and brief/superficial interaction with the general public; and can tolerate occasional changes to a routine work setting.

Docket Item 5 at 25.

What is more, the ALJ also used the more specific opinion of A. Vinluan, M.D., another medical consultant, to formulate Benjamin's RFC. The ALJ found Dr. Vinluan's opinion to be "fairly persuasive" because of its "detailed functional assessment of [Benjamin's] abilities and limitations," and the ALJ tracked those abilities and limitations in the RFC. *See* Docket Item 5 at 25, 29. For example, Dr. Vinluan found that Benjamin could stand or walk about six hours a day, *id.* at 89, consistent with the RFC finding that Benjamin could do light work, *id.* at 25. *See* 20 C.F.R. § 416.967(b) (light work "requires a good deal of walking or standing"); SSR 83-10, 1983 WL 31251, at *6 (Jan. 1, 1983) ("The full range of light work requires standing or walking, off and on, for a total of approximately six hours of an eight-hour workday."). Likewise, Dr. Vinluan found that Benjamin could occasionally balance, stoop, kneel, crouch, crawl, and climb ladders, stairs, ropes, and scaffolds, Docket Item 5 at 89, and the RFC included those same limitations, *id.* at 25. So there was no gap in the record, and the RFC was consistent with the medical opinion evidence.[6]

Finally, Benjamin argues that the "ALJ cherrypicked the medical opinions by rejecting the more restrictive portions of the opinions based on his own lay judgment and without the support of other competent medical evidence in the record." Docket Item 6-1 at 11 (internal quotation marks and citation omitted). An ALJ must "weigh all of

[6] The Court recognizes that Dr. Vinluan did not examine Benjamin but only reviewed his records. And the Court likewise recognizes that when the opinion of an examining physician conflicts with that of a physician who did not examine the claimant, there is reason to be skeptical about the latter. *See, e.g.*, 20 C.F.R. § 416.927(c)(1) (prior regulation providing that examining physicians' opinions generally should be given more weight than those of non-examining physicians). Here, however, Dr. Vinluan's opinion did not conflict with the opinion of Dr. Toor or any other provider; rather, it simply provided more detail—detail upon which the ALJ could and did rely when formulating the RFC.

the evidence available to make an RFC finding that [is] consistent with the record as a whole." *Matta v. Astrue*, 508 F. App'x 53, 56 (2d Cir. 2013); *accord Schillo v. Kijakazi*, 31 F.4th 64, 78 (2d Cir. 2022). And because the ALJ is not a medical professional, he or she is "not qualified to assess a claimant's RFC on the basis of bare medical findings." *Ortiz v. Colvin*, 298 F. Supp. 3d 581, 590 (W.D.N.Y. 2018); *see Balsamo v. Chater*, 142 F.3d 75, 81 (2d Cir. 1998).

But this is not a case in which the ALJ crafted an RFC based solely on his own lay interpretation of bare medical evidence; on the contrary, and as noted above, the RFC was consistent with two medical opinions. And while Benjamin argues that the ALJ cherry-picked the "more restrictive portions" of the opinions in the record, he does not suggest which portions of what opinions the ALJ improperly rejected. *See Smith*, 740 F. App'x at 726 (citing 42 U.S.C. § 423(d)(5)) ("Here, Smith had a duty to prove a more restrictive RFC, and [he] failed to do so."). So at their core, Benjamin's arguments boil down to disagreeing with how the ALJ weighed the evidence and formulated the RFC based on the opinions.

It is "not the function of this Court to re-weigh evidence or consider *de novo* whether [Benjamin] is disabled." *Teena H. o/b/o N.I.K.*, 521 F. Supp. 3d 287, 292 (W.D.N.Y. 2021); *see also Pellam v. Astrue*, 508 F. App'x 87, 91 (2d Cir. 2013) ("We think that Pellam is, in reality, attempting to characterize her claim that the ALJ's determination was not supported by substantial evidence as a legal argument in order to garner a more favorable standard of review."). The ALJ properly considered the regulatory factors in evaluating Dr. Toor's opinion. While the ALJ determined that Dr. Toor's opinion would have been more helpful if it were less vague, he still formulated an

RFC that was largely consistent with that opinion. And the ALJ relied on a more specific medical opinion to craft the details of that RFC. Therefore, and because the ALJ was "entitled to weigh all of the evidence available to make an RFC finding that was consistent with the record as a whole," the ALJ's RFC determination was supported by substantial evidence and this Court will not second-guess it. *Matta*, 508 F. App'x at 56.

## CONCLUSION

The ALJ's decision was not contrary to the substantial evidence in the record, nor did it result from any legal error. Therefore, and for the reasons stated above, Benjamin's motion for judgment on the pleadings, Docket Item 6, is DENIED, and the Commissioner's cross-motion for judgment on the pleadings, Docket Item 7, is GRANTED. The complaint is DISMISSED, and the Clerk of Court shall close the file.

SO ORDERED.

Dated: April 14, 2023
Buffalo, New York

***/s/ Lawrence J. Vilardo***
LAWRENCE J. VILARDO
UNITED STATES DISTRICT JUDGE